IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM K. OYADOMARI, | ) | CIVIL 16-00262 JMS-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ACOS CHUN, MIKE, MICHAEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT
SHOULD NOT BE DISMISSED AS TIME-BARRED**

On May 25, 2016, pro se Plaintiff William K. Oyadomari ("Plaintiff") filed his Complaint for Violation of Civil Rights ("Complaint") and, on June 2, 2016, he filed his Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 4.] Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violation of his rights under the United States Constitution. [Complaint at 4.]

Because Plaintiff has applied to proceed without prepaying fees and costs pursuant to 28 U.S.C. § 1915(a)(1), this Court must screen the Complaint and dismiss any claim that it concludes: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

I.  **Claims Against Defendant Hoffman**

This Court has conducted a preliminary screening of the Complaint, and it appears that Plaintiff fails to state a claim against Defendant Nick Hoffman, who Plaintiff identifies as the "Warden/Dean" of O.C.C.C.,[1] and who Plaintiff sues in his official and individual capacity ("Defendant Hoffman"). See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." (citations omitted)); Alexio v. Obama, CIV. NO. 15-00507 JMS-BMK, 2015 WL 9216562, at *3 (D. Hawai`i Dec. 16, 2015) ("the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'" (citations and some internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))). Plaintiff has not plead sufficient factual allegations regarding how Defendant Hoffman allegedly violated his constitutional rights. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-

---

[1] This Court assumes that Plaintiff is referring to the Oahu Community Correctional Center ("OCCC").

2

official defendant, through the official's own individual actions, has violated the Constitution.").

This Court is therefore inclined to dismiss Plaintiff's claims against Defendant Hoffman, with leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). This Court EMPHASIZES that this is merely an **inclination** based on its **preliminary** review of Plaintiff's Complaint. If Plaintiff can address the issue regarding the timeliness of his claims, discussed in Section III, this Court will conduct a full screening of Plaintiff's claims.

## II. Other Defendants

Plaintiff also sues:

1) "Michael" and a "Mike" – each in their official and individual capacities – both of whom Plaintiff identifies as "Head Shift Supervisor" of the adult corrections officers ("ACOs") for OCCC, Module 7 and Annex 2; [Complaint at 1-3;]

2) "Watson" – in his official and individual capacities – who Plaintiff identifies as a "prisoners Transporter" for OCCC; [id. at 3;] and

3) "Chun" – in his official and individual capacities – who Plaintiff identifies as both the "Dean/Warden" of OCCC and an ACO [id. at 1, 3].

Based on this Court's preliminary review, Plaintiff's Complaint **may** state a claim against these defendants. However, even if

Plaintiff's claims against them survive the screening process, Plaintiff has not plead sufficient allegations about either "Michael," "Mike," "Watson," or "Chun" to identify any of them for service.

If Plaintiff can address the timeliness issue, this Court is inclined to allow Plaintiff's claims against "Michael," "Mike," "Watson," and "Chun" to go forward, provided that he amends his Complaint to include sufficient information to identify them for service. This Court EMPHASIZES that this is merely an **inclination** based on its **preliminary** review of Plaintiff's Complaint. If Plaintiff can address the timeliness issue, this Court will conduct a full screening of Plaintiff's claims.

### III. Timeliness

It appears from the face of the Complaint that all of Plaintiff's § 1983 claims are untimely. Liberally construed,[2] the Complaint alleges that the events giving rise to Plaintiff's claims related to the denial of clothing and adequate food occurred in October 2010, and the incident in which "Watson" allegedly struck Plaintiff at the Wahiawa courthouse occurred in

---

[2] This Court must liberally construe Plaintiff's pleadings because he is proceeding pro se. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).

2011. [Complaint at 5.]

      Because § 1983 does not have a specified statute of limitations, "federal courts look to the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action." Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012). This district court has recognized that Haw. Rev. Stat. § 657-7 "is the applicable personal injury statute of limitations for a § 1983 claim" in Hawai`i. Eager v. Honolulu Police Dep't, CIVIL NO. 15-00098 JMS-KSC, 2016 WL 471282, at *6-7 (D. Hawai`i Feb. 4, 2016) (citing Pele Def. Fund v. Paty, 73 Haw. 578, 597-98, 837 P.2d 1247, 1260 (1992)). Section 657-7 establishes a two-year limitations period after the cause of action accrued. A § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Rosales-Martinez v. Palmer, 753 F.3d 890, 895 (9th Cir. 2014) (citation and quotation marks omitted).

      It appears from the face of the Complaint that Plaintiff's § 1983 claims accrued in 2010 and 2011, but Plaintiff did not file the Complaint until 2016. Further, the Complaint does not allege any basis for tolling the statute of limitations under Hawai`i law. See Eager, 2016 WL 471282, at *7 (discussing cases holding that state law applies to the issue of whether the statute of limitations for a § 1983 claim is tolled). Haw. Rev. Stat. § 657-13 states:

> If any person entitled to bring any action
> specified in this part (excepting actions against
> the sheriff, chief of police, or other officers)
> is, at the time the cause of action accrued,
> either:
>
>> (1) Within the age of eighteen years; or,
>>
>> (2) Insane; or,
>>
>> (3) Imprisoned on a criminal charge, or in
>> execution under the sentence of a criminal
>> court for a term less than the person's
>> natural life;
>
> such person shall be at liberty to bring such
> actions within the respective times limited in
> this part, after the disability is removed or at
> any time while the disability exists.

However, it appears from the face of the Complaint that § 657-13 does not apply because that section "does not apply to suits against the sheriff or police or employees of the [Department of Public Safety ("DPS")]." See Jones v. Waiawa Corr. Facility, Civ. No. 09-00244, 2010 WL 2813777, at *5 (D. Hawai`i July 15, 2010). All of the defendants named in the Complaint appear to be either deputy sheriffs or DPS employees.

This Court therefore ORDERS Plaintiff to show cause why this Court should not dismiss the Complaint as barred by the applicable statute of limitations. This Court ORDERS Plaintiff to file a statement responding to this Order to Show Cause by **August 12, 2016.**

This Court CAUTIONS Plaintiff that, if he fails to file a response by **August 12, 2016**, or if his response fails to show a

6

reason why his claims should not be dismissed as untimely, this Court will enter an order dismissing Plaintiff's claims and will direct the Clerk's Office to close this case. In other words, Plaintiff will have no remaining claims in this case.

In light of the issue regarding the timeliness of Plaintiff's claims, this Court will not rule on Plaintiff's Application at this time. If Plaintiff can address the timeliness issue, this Court will rule on the Application when it conducts the full screening of the Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 28, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WILLIAM K. OYADOMARI VS. ACOS CHUN, MIKE, MICHAEL, ET AL; CIVIL 16-00262 LEK-RLP; ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED AS TIME-BARRED**